BARNABY *v.* THE STATE.

FALLS PILOTS—STATUTES CONSTRUED.—The law of *Indiana,* "regulating the licensing of pilots at the Falls of the *Ohio,*" &c., is valid, at least so far as commercial intercourse may be carried on between the parts of said State named in said act, by citizens of said State. 1 G. & H. 473.

APPEAL from the *Clark* Common Pleas.

HANNA, J.—The appellant was prosecuted for a violation of the law of the State "regulating the licensing of pilots at

Barnaby v. The State.

the Falls of the *Ohio* river." 1 G. & H. 473. By that act, the Governor of the State appoints the pilots, who execute bonds, payable to the State, in the sum of 5,000 dollars, to be approved by the Clerk of the Circuit Court of *Clarke* county, conditioned, &c. The penalty attached to a violation of the law, by a person not authorized to pilot, is a fine of 20 dollars, for the use of common schools. It is further provided, that any owner or navigator of a boat, ascending or descending the river, may navigate said falls at his own risk.

The record before us shows, that, in the case at bar, upon the trial, "the defendant admitted in open Court, that, on the 27th day of *March*, 1862, at *Clarke* county, *Indiana*, he conducted and piloted a pair of flat-boats, loaded with coal, over the Falls of the *Ohio* river, for hire; that said boats were the property of some person, whose name is unknown, and were not the property of, nor was the said defendant the navigator of said flat-boats." He then produced, and gave in evidence, a certificate, dated *May* 2d, 1861, of certain inspectors of the district of *Louisville*, authorizing him to act, for one year, as "a pilot of a steamer on the *Ohio* river, from *Utica* to *New Albany*, *Indiana*, and the Falls of the *Ohio* river, at all stages of water of said Falls, more than the steamer he may be piloting shall draw." He also produced, &c., evidence of the fact, that, before one of said inspectors, he had taken an oath as such pilot; and that he had procured said certificate, and taken said oath under the act of Congress of *August* 30th, 1852, entitled, "an act to provide for the better security of the lives of passengers propelled in whole or in part by steamers, and for other purposes."

The defendant was fined, and, a new trial being refused, he prosecutes this appeal.

It is conceded, that, previous to the taking effect of said act of Congress of the 30th of *August*, 1852, the conviction would have been correct, but it is insisted that said act super-

seded or annulled the legislation of the State upon that subject. In other words, that the regulation of pilots and pilotage may be exclusively controlled by the Federal Government, whenever it is thought necessary to exercise the power; and the enactment of said statute was an exercise of said power. On the other hand, it is urged, that, whatever may be the powers and rights of the Federal Government upon such subject, it is not in exclusion of the right of each State to pass certain laws, in relation thereto, affecting those within the jurisdiction thereof, and that this is one of the exceptions. The exclusive control is claimed to be in the General Government, under the third clause of the eighth section of the first article of the Constitution of the *United States*, to-wit: "The Congress shall have power to regulate commerce with foreign nations, and among the several States, and with the *Indian* tribes." Upon this, it is argued, that pilots, and laws regulating their appointment, conduct, and fees, are necessary to commerce, and, therefore, incident to the power, and within the grant, of exclusive control given to the Congress.

In the case at bar, it may, for the sake of the argument, be conceded, that Congress not only possesses the power, but the exclusive right, to regulate commerce among the several States, including the pilotage of vessels engaged in said commerce; and still the facts, so far as the record shows them, do not make a case falling strictly within the principle of the points thus conceded, because not involved. And why? The ninth amendment to the Constitution is as follows: "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people," and tenth: "The powers not delegated to the *United States* by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." The power conferred upon Congress to regulate commerce, it will not, we suppose, in view of these provisions, be conten-

Barnaby *v.* The State.

ded, give jurisdiction over the navigable waters of a State, except as regards intercourse with other States of the Union, or with a foreign country. It would follow that the State law in question is valid, so far as commercial intercourse may be carried·on between the parts of said State by the citizens thereof. Beyond this proposition, it is not necessary to go in deciding this case. It is not necessary, therefore, to attempt to clearly define the boundary line, if it can be done, between the commercial powers of the General Government under the Constitution, and the municipal and reserved powers of a State under the same instrument, and inherently possessed in reference to the same subject, or matters supposed to be incident thereto.

The record does not, strictly speaking, show that all the evidence given in the cause is before us; so far as it is disclosed, the owner of the boats was unknown. His place of departure and destination are not stated. The license, under which it was sought to justify, attempted to authorize the defendant to navigate steamers between two points, within the jurisdiction of this State. As before stated, it not appearing but that the boats that were piloted were running from point to point in *Indiana*, by a citizen thereof, it will not be necessary for us to express any·opinion upon the question, whether Congress possesses any power to regulate commerce between said points named in said license, among the citizens of said State, or to exercise control in any matter connected with said commerce. *Cooley* v. *The Wardens, &c.*, 12 How. 299. See, also *Smith* v. *Turner*, 7 How. 283, and the other passenger cases and authorities therein cited, and referred to.

*Per Curiam.*—The judgment is affirmed, with costs.

*Thomas L. Smith, M. C. Kerr,* and *John F. Read,* for the appellant.

*Oscar B. Hord,* Attorney General, and *R. Crawford,* for the State.